NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0563n.06

**Case No. 15-2001**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RAJAN PATEL, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

COLE, Chief Judge.    Rajan Patel appeals his sentence for conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349; for health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; and for making false statements relating to health care matters, in violation of 18 U.S.C. §§ 1035 and 2. Patel argues that the district court erred in imposing restitution without making factual findings and that his sentence is procedurally unreasonable because the district court failed to make the factual findings required by Rule 32 of the Federal Rules of Criminal Procedure. For the following reasons, we affirm Patel's sentence.

**I. BACKGROUND**

Rajan Patel was employed at Angle's Touch home health care agency, a company that purported to provide health services for homebound individuals. In reality, Angle's Touch

defrauded Medicare by submitting health care claims for persons who were not homebound or in need of medical services. For his part, Patel, as a licensed physical therapist, would create fake patient files showing that purportedly homebound patients received physical therapy.

On March 6, 2014, Patel was charged with one count of conspiracy to commit health care fraud, three counts of health care fraud, and three counts of making false statements relating to health care matters. A jury convicted Patel on all counts.

The presentence investigation report ("PSR") recommended that Patel be held responsible for the entire amount that Medicare paid to Angle's Touch during the course of the conspiracy, which the PSR calculated to be $952,913.27. The PSR accordingly found that the amount of loss was more than $400,000 but less than $1,000,000, which increased Patel's offense level by 14. The PSR recommended two-level enhancements each for (1) fraud involving sophisticated means and (2) abuse of a position of trust or use of a special skill, resulting in a total offense level of 24. According to the PSR, Patel's guidelines range was therefore 51–63 months of imprisonment.

Both parties objected to the amount of loss in the PSR, and Patel objected to the enhancements recommended in the PSR. Patel argued that the amount of loss should be limited to the loss in the substantive counts of the indictment—between $30,000 and $70,000. The government argued that the amount of loss to Medicare for patients for whom Patel was a caregiver was over $1.3 million and that Patel's offense level should be increased by two levels because he was convicted of a health care offense involving a government health care program and the loss was more than $1 million.

The district court adopted the PSR except for the enhancement for sophisticated means and did not otherwise grant either party's objection. The district court sentenced Patel to

concurrent sentences of 24 months of imprisonment. The district court also imposed a special assessment of $700 and ordered restitution to the Medicare trust fund, jointly and severally with all codefendants, in the amount of $952,913.27. Patel did not object to the order of restitution but filed a timely notice of appeal.

## II. ANALYSIS

### A. Procedural Reasonableness of Sentence

Patel argues that his sentence is procedurally unreasonable because the district court failed to make the factual findings required by the Sentencing Guidelines. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (holding that a district court commits procedural error if it fails to calculate or improperly calculates the Guidelines range); U.S.S.G. § 2B1.1(b)(1). In a fraud case, we review the amount of loss calculated by the district court for clear error and the methodology used to calculate the loss de novo. *United States v. Washington*, 715 F.3d 975, 984 (6th Cir. 2013).

Under Rule 32 of the Federal Rules of Criminal Procedure, a sentencing court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute." Fed. R. Crim. P. 32(i)(3)(B). We require "'literal compliance' with Rule 32, so when matters are contested the court must explain its calculation methods." *United States v. Poulsen*, 655 F.3d 492, 512–13 (6th Cir. 2011) (quoting *United States v. Nelson*, 356 F.3d 719, 722 (6th Cir. 2004)). However, in this calculation, a court "need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 cmt. n.3(C). In other words, a court "does not have to establish the value of the loss with precision; it simply needs to publish the resolution of contested factual matters that formed the basis of the calculation." *Poulsen*, 655 F.3d at 513 (quotation marks omitted). So, we must determine "(1) whether the amount was in dispute; (2) if it was in dispute, whether the

district court adequately ruled on the disputed amount; and (3) if the district court ruled, whether the factual findings indicate clear error." *Id.*

Both parties acknowledge that the district court failed to make factual findings on the amount of loss. Accordingly, this case depends on whether Patel put the amount of loss in dispute. A defendant can put the amount in dispute by introducing "some evidence beyond a bare denial that calls the reliability or correctness of the alleged facts into question." *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003) (quotation marks omitted). Patel claims to have done so, and a significant part of both parties' sentencing memoranda and the sentencing hearing revolved around the amount of loss. However, the government contends that Patel made only legal arguments about why the amount of loss should be lower and failed to put any facts in dispute, and therefore failed to trigger Rule 32.

Patel failed to put any specific fact regarding the amount of loss in dispute. To put a fact in dispute so as to trigger Rule 32, a defendant must actively dispute the veracity of a fact. *See United States v. McGee*, 529 F.3d 691, 700–01 (6th Cir. 2008) (concluding that facts were not put in dispute where the defendant challenged their relevancy rather than their veracity). The defendant must then produce some evidence to call the reliability of the contested fact into question. *See Lang*, 333 F.3d at 681. Patel challenged the government's argument that the amount of loss was over $1.3 million, but he never produced any evidence to counter the amount of loss recommended by the PSR, as he was required to do under *Lang*. In fact, Patel barely mentioned the PSR at all in his sentencing memorandum. Where Patel did challenge the amount of loss, he made legal, not factual, arguments. He argued that the amount of loss should have been between $30,000 and $70,000 because "'intended loss' means 'a loss that the defendant purposely sought to inflict.'" (Def.'s Sentencing Mem., R. 316, PageID 2142–43 (quoting

*United States v. Manatau*, 647 F.3d 1048, 1056–57 (10th Cir. 2011).) But Patel failed to challenge the veracity of any fact relied on by the PSR in its recommendation of the amount of loss. Accordingly, the district court was not required to make factual findings under Rule 32.

Patel also argues that his sentence was procedurally unreasonable because the district court did not make factual findings or specifically rule on his objection to the two-level enhancement for abuse of a position of trust or use of a special skill. *See* U.S.S.G. § 3B1.3. At the sentencing hearing, the district court asked, "What about his training as a physical therapist? Isn't that a special skill?" (Sentencing Hr'g Tr., R. 409, PageID 4000–04.) Later, the district court seemingly, but not explicitly, accepted the enhancement for use of a special skill. (*Id.* at 34 ("So that gives me [] 41 to 51 months. And I am going to start there without going to any of the other disputed points--the abuse of a special skill and so on.").) This is evident from the fact that the district court arrived at a range of 41–51 months of imprisonment, which corresponds to an offense level of 22 given Patel's criminal history category, and the district court had already explicitly withdrawn the two-level enhancement for sophisticated means. Patel's actual sentence of 24 months was thus below the Guidelines range.

A sentence below the Guidelines range may be the product of harmful error where a decrease in the Guidelines range would have led the district court to impose a lower sentence. *See United States v. Randolph*, 794 F.3d 602, 615 (6th Cir. 2015). However, here it is clear that the district court "based the sentence . . . on factors independent of the Guidelines." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346–47 (2016). The district court noted that courts "give . . . too much weight to the guidelines" and that "they are not outcome determinative." (Sentencing Hr'g Tr., R. 409, PageID 4024.) Much of the sentencing hearing was dedicated to comparisons between Patel and other defendants, with the district court endeavoring to find a

valid comparison between Patel and similarly situated defendants. Finally, the sentence—terms of 24 months of imprisonment to run concurrently—was reached with little reference to Patel's Guidelines range. Accordingly, even if the district court committed an error in not ruling on Patel's objection to the special skill enhancement, such an error was harmless.

### B. Restitution

The amount of restitution is ordinarily reviewed for abuse of discretion, *United States v. Williams*, 612 F.3d 500, 509 (6th Cir. 2010), and the findings of fact underlying the restitution calculation are ordinarily reviewed for clear error, *United States v. Triana*, 468 F.3d 208, 321 (6th Cir. 2006).

A district court has wide latitude to determine the amount of a victim's losses. *See* 18 U.S.C. § 3664(f)(1)(A) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses *as determined by the court* . . . .") (emphasis added). "[T]he court can order restitution for damage resulting from any conduct that was part of the conspiracy and not just from specific conduct that met the overt act requirement of the conspiracy conviction." *United States v. Sawyer*, 825 F.3d 287, 295 (6th Cir. 2016) (quoting *United States v. Elson*, 577 F.3d 713, 723 (6th Cir. 2009)).

The district court did not err in ordering restitution totaling the amount of loss recommended by the PSR. Patel relies on his unsuccessful arguments about the amount of loss in challenging the amount of restitution, buttressed by his claim that the district court failed to make factual findings regarding the amount of restitution. However, "[s]pecific findings in the imposition of restitution are not required." *United States v. Jackson-Randolph*, 282 F.3d 369, 386 (6th Cir. 2002). Instead, the district court must rely on information with "a sufficient indicia of reliability to support" the "probable accuracy" of the amount of restitution. *Id.* (quotation

marks omitted). The information relied upon by the district court has "sufficient indicia of reliability." *Id.* The district court "reviewed . . . the PSR [and] the objections and memoranda of the parties." *Id.* It declined to impose the higher restitution amount requested by the prosecutor and instead imposed an amount consistent with the PSR. *See id.* "Most importantly," the district judge "presided over [Patel's] trial and thus had extensive exposure to the facts of the case." *Id.*

Finally, Patel's argument that "intended loss" under the Guidelines means "a loss that the defendant purposefully sought to inflict" is suspect. *See* U.S.S.G. § 2B1.1 cmt. n.3(F)(viii) ("[T]he aggregate dollar amount of fraudulent bills submitted to the Government health care program shall constitute prima facie evidence of the amount of the intended loss."). Accordingly, the district court did not err in imposing restitution.

### III. CONCLUSION

Because Patel's sentence was not procedurally unreasonable and the district court did not err in imposing restitution, we affirm.